Filed 11/2/15  P. v. King CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062770 |
| v. | (Super.Ct.No. FMB1300599) |
| SCOTT THOMAS KING, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Rodney A. Cortez, Judge.  Affirmed.

Kyle D. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## STATEMENT OF THE CASE

On December 10, 2013, a complaint charged defendant and appellant Scott Thomas King with possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 1); receiving stolen property (Pen. Code, § 496, subd. (a); count 2);

1

identity theft of 10 or more persons (Pen. Code, § 530.5, subd. (c)(3); count 3); possession of ammunition (Pen. Code, § 30305, subd. (a)(1); count 4); and possession of a billy club or a blackjack (Pen. Code, § 22210; count 5). The complaint also alleged that defendant had suffered a felony conviction for which he had served prison time within five years of the alleged crimes (Pen. Code § 667.5, subd. (b).

On December 17, 2013, defendant pled guilty to all charges and admitted his prior offense, in exchange for the opportunity to apply for drug court. On January 13, 2014, defendant was accepted into drug court. Approximately 10 months later, on October 20, 2014, the trial court found that defendant was no longer amenable to drug court and remanded him to custody. On December 1, 2014, the trial court sentenced defendant to serve 181 days in county jail, plus six years in state prison. On January 23, 2014, defendant filed his timely notice of appeal.

## STATEMENT OF FACTS[1]

According to the police report, on December 6, 2013, at approximately 2:32 a.m., three officers conducted a probation compliance search of defendant's residence. Defendant's father answered the door. Defendant's father invited the officers inside the residence and directed them to defendant's room. Defendant exited his room and spoke to the officers in the hallway of the residence. The officers then entered defendant's room and conducted a search. They found the following: (1) Five plastic caps that appeared to belong to syringes; (2) a metal spoon with brown residue; (3) small pieces of

---

[1] The parties stipulated that the police report provided the factual basis for defendant's plea.

2

foil balls; (4) two empty small plastic baggies; (5) two used syringes; (6) two plastic containers believed to contain methamphetamine; (7) one plastic container containing an unknown clear liquid and small fiber balls; (8) a black stick the officers identified as a billy club; (9) two hand-rolled cigarettes containing suspected marijuana; (10) one insurance check payable to Randi M. Sayers in the amount of $12,575.00, dated July 30, 2012; (11) one personal check payable to Scott T. King in the amount of $157.81, from the account of Vincent and Norene Ferrari; (12) a red envelope containing California identification cards belonging to five different people, four social security cards, and one birth certificate; and (13) one live nine-millimeter cartridge.

After the search, Norene Ferrari was contacted. She reported that several of her checks had been stolen, and denied any knowledge of defendant.

On December 17, 2013, pursuant to the plea bargain, defendant entered a plea of guilty to the five charges arising out of the items discovered during the search. Defendant's plea was conditioned on his acceptance to a 36-month program in drug court. On January 13, 2014, defendant was accepted into drug court.

On February 10, 2014, defendant's substance abuse counselor reported that defendant admitted to using methamphetamine on February 6, 2014. On March 17, 2014, defendant took a drug test that returned a positive result for methamphetamine use. On March 19, 2014, defendant was remanded to custody for a one-week period as a sanction for his positive drug test. On March 26, 2014, defendant was released to continue his participation in drug court.

On April 24, 2014, defendant reported to his probation officer that he was having a difficult time staying clean. Defendant's substance abuse counselor reported that defendant tested positive for methamphetamine use on April 25, 2014. On May 7, 2014, the drug court found that defendant was not in compliance and remanded him to custody. On May 12, 2014, the drug court released defendant and ordered him to attend a live-in residential program with the Salvation Army.

On June 16, 2014, defendant appeared at drug court and stated that he had left the Salvation Army residential program. He was immediately remanded into custody. On July 16, 2014, defendant was released and ordered to return to the Salvation Army to complete a six-month program. Defendant missed his appointment to enter the program, and was alleged to have thereafter absconded.

On July 24, 2014, defendant was arrested by his probation officer. On July 25, 2014, he was released and ordered to report to the probation office and the drug court team. Defendant was alleged to have then absconded. On September 23, 2014, defendant was arrested again.

On October 20, 2014, defendant's enrollment in the drug-court program was terminated for noncompliance. On December 1, 2014, defendant was given the maximum possible sentence of six years in state prison, plus 181 days in county jail.

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of

4

the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

RAMIREZ _____

P. J.

KING _____

J.